1   BLANK ROME LLP
    Harrison Brown (SBN 291503)
2   harrison.brown@blankrome.com
    2029 Century Park East | 6th Floor
3   Los Angeles, CA 90067
    Telephone: 424.239.3400
4   Facsimile:  424.239.3434

5   Alan M. Freeman (admitted *pro hac vice*)
    alan.freeman@blankrome.com
6   1825 Eye Street NW
    Washington, D.C. 20006
7   Telephone: 202.420.2200
    Facsimile:  202.420.2201

8
    Attorneys for Non-Party Movant
9   ENVIRONMENTAL DEFENSE FUND, INC.

10

11                  **UNITED STATES DISTRICT COURT**

12                **EASTERN DISTRICT OF CALIFORNIA**

13

14   CALIFORNIA SPORTFISHING          Case No. 2:24-mc-0004-DAD-DB
     PROTECTION ALLIANCE,
15                                     **MEMORANDUM OF POINTS AND**
                        Plaintiff,     **AUTHORITIES IN SUPPORT OF**
16                                     **UNOPPOSED MOTION FOR**
           vs.                         **ADMINISTRATIVE RELIEF - TO**
17                                     **RENEW MOTION TO QUASH AND**
                                       **REASSIGN**
18   PACIFIC BELL TELEPHONE
     COMPANY,                          Hearing:
19                                     Date:        May 10, 2024
                        Defendant.     Time:        10:00 A.M.
20                                     Judge:       Hon. Deborah Barnes
                                       Place:       Robert T. Matsui
21                                                  United States Courthouse
                                                    501 I Street
22                                                  Courtroom 27, 8th floor
                                                    Sacramento, CA 95814
23
                                       Action Filed:   November 16, 2023
24                                     Trial Date:     N/A

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR
ADMINISTRATIVE RELIEF - TO RENEW MOTION TO QUASH AND REASSIGN**

## I.   INTRODUCTION.

On March 29, 2024, the Court entered an order denying non-party Environmental Defense Fund, Inc.'s ("EDF") Motion to Quash (ECF No. 1) without prejudice to renewal for improper notice. (*See* ECF No. 18.) EDF respectfully moves for entry of an Order renewing the Motion to Quash and reassigning the instant matter to the Honorable Jeremy D. Peterson. As discussed herein: EDF's failure to notice the Motion to Quash was the inadvertent result of a mistaken assumption of counsel; granting the relief sought will promote the efficient use of judicial resources and the just resolution of the issues in dispute; and Defendant Pacific Bell Telephone Company ("Pacific Bell") does not oppose the relief sought.

## II.   FACTUAL BACKGROUND.

### A.   The Underlying Case.

Pacific Bell is the sole defendant in *California Sportfishing Protection Alliance v. Pacific Bell Tel. Co.*, no. 2:21-cv-00073 (the "Underlying Case"), which is currently pending in this District and assigned to Judge Peterson for all purposes. (Declaration of Alan M. Freeman ("Freeman Decl., ¶ 2.) The Underlying Case involves alleged violations of state and federal environmental laws. (*Id.*)

Within the Underlying Case, Pacific Bell served a third-party subpoena on EDF, and that subpoena required compliance in the District of Columbia. (*Id.*, ¶ 3.) EDF opened a miscellaneous action in the U.S. District Court for the District of Columbia for the purpose of filing a motion to quash the subpoena, *see California Sportfishing Protection Alliance v. Pacific Bell Tel Co.*, Case No. 23-mc-00125-TJK (D.D.C.). (*Id.*) EDF's Motion to Quash was entered on the docket on November 16, 2023. (*Id.*; see also ECF No. 1.) EDF's Motion to Quash was fully briefed in the District of Columbia before it was transferred to this District on December 28, 2023. (*Id.*; *see also* ECF No. 9.) Upon transfer to this District, EDF's Motion to Quash was assigned to this Court. (*Id.*)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF - TO RENEW MOTION TO QUASH AND REASSIGN**

On January 8, 2024, the Courtroom Deputy issued a Minute Order directing that the Motion to Quash be re-noticed in accordance with Local Rule 251. (*Id.*, ¶ 4; *see also* ECF No. 14.)

### B. Relevance of the Underlying Case to the Motion to Quash.

On January 10, 2024, Pacific Bell filed a Notice of Related Cases that explained EDF's Motion to Quash arises out of a subpoena issued in the Underlying Case. (*Id.*, ¶ 5; *see also* ECF No. 16.) On January 12, 2024, EDF filed a Notice of Related Cases that explained its Motion to Quash arises out of a subpoena issued in the Underlying Case, and it respectfully submitted that reassignment to Judge Peterson would promote the efficient use of judicial resources. (*Id.*, ¶ 6; *see also* ECF No. 17.) EDF mistakenly assumed its Motion would be administratively reassigned pursuant to Local Civil Rule 123 and Rule (f)(2) of Appendix A to the Local Civil Rules, and thus did not notice its Motion for a hearing before this Court. (*Id.*)

Since the parties filed their Notices of Related Cases, there have been several legal rulings and procedural developments in the Underlying Case which are relevant to the resolution of EDF's Motion to Quash. Among other things, Judge Peterson has made rulings with respect to both discoverability generally, and expert discovery in particular, that may bear on the outcome of EDF's Motion to Quash.

### C. Denial of the Motion to Quash, Without Prejudice.

On March 26, 2024, the Courtroom Deputy directed EDF's counsel to re-notice the Motion to Quash for a hearing. (*Id.*, ¶ 7.) EDF and Pacific Bell conferred by video and agreed to jointly move to reassign this case to Judge Peterson. (*Id.*) However, while the joint motion to reassign was being prepared and before such motion could be finalized, the Court denied the Motion to Quash, without prejudice to renewal. (*Id.*; *see also* ECF No. 18.)

///

///

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF - TO RENEW MOTION TO QUASH AND REASSIGN**

### III.   ARGUMENT.

EDF respectfully requests that the Motion to Quash should be renewed and reassigned to Judge Peterson. As explained, the failure to timely re-notice the Motion to Quash is the result of a mistaken assumption of counsel that should not be imputed to EDF. Renewing the Motion to Quash and deciding it on the merits will not prejudice any party. Moreover, renewal in this Court is more efficient than having EDF refile the Motion in the United States District Court for the District of Columbia, as EDF understands is required by Federal Rules of Civil Procedure 45(d)(3)(a) and 45(f), only to then be transferred to this Court once again. Notably, Pacific Bell does not oppose renewal of the Motion to Quash. (*Id.*, ¶ 8 & Ex. 1.)

Additionally, EDF respectfully moves to have this case reassigned to Judge Peterson. In view of Judge Peterson's familiarity with the facts and procedural posture of the Underlying Case, a reassignment to Judge Peterson would promote the efficient use of judicial resources and the just resolution of the issues in dispute. Pacific Bell does not oppose reassignment of the matter to Judge Peterson. (*Id.*)

### IV.   CONCLUSION.

For the foregoing reasons, EDF respectfully moves unopposed for an Order renewing the Motion to Quash and reassigning this case to Judge Peterson.

DATED:  April 3, 2024          BLANK ROME LLP


By: */s/ Harrison Brown*
Harrison Brown
Alan M. Freeman
Attorneys for Non-Party Movant
ENVIRONMENTAL DEFENSE FUND, INC.